JENNIE HARRIS, ADMINISTRATRIX OF JOHN HARRIS, DECEASED, PLAINTIFF, DEFENDANT IN ERROR, v. DET FARENEDE DAMPSKIBSELSKAL, ATKIE SELSKAL, THE UNITED STEAMSHIP COMPANY OF COPENHAGEN, SCANDINAVIAN AMERICAN LINE OF STEAMSHIPS, HOBOKEN, DEFENDANTS, PLAINTIFFS IN ERROR.

Argued January 10, 1908—Decided June 15, 1908.

1. A master's duty in respect to furnishing his servants a safe place in which to work extends to such parts of his premises only as he has prepared for their occupancy while doing his work and to such other parts as he knows, or ought to know, they are accustomed to use while doing it.

2. When a master has furnished his servant a safe place in which to work, and has, to the knowledge of the servant, provided a safe method of providing the servant with tools when needed, the master has no duty imposed upon him to care for the safety of the servant who, of his own volition and without the knowledge of the master, has departed from his safe place and gone to a dangerous place for the purpose of obtaining a tool which the master was in the act of supplying in the customary method, when

it does not appear that the master knew, or ought to have known, that his servants were accustomed to depart from the safe place for such purpose. When the servant has thus departed from the safe place furnished, the master owes the servant no duty of a higher degree than that which is due a licensee.

3. Fellow-servants are those who are serving and controlled by the same master in a common employment. Common employment is service of such kind that, in the exercise of ordinary sagacity, all engaged in it may be able to foresee, when accepting it, that through the negligence of a fellow-servant it may probably expose them to injury.

4. If the servant was lawfully, in the course of his employment, in the vicinity of the place where he was injured, and was a fellow-servant with those whose negligence produced his injury, the master, if he furnished proper means for carrying on the work, is not liable for such injury unless he was negligent in the selection of the servants in fault, or in retaining them after notice of their incompetency.

On error to the Supreme Court.

For the plaintiffs in error, *Joseph D. Bedle* and *Albert C. Wall.*

For the defendant in error, *Thomas F. Noonan.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings under review a judgment entered in the Supreme Court upon a verdict of a jury at the Hudson Circuit in favor of the defendant in error, the plaintiff below.

The action was brought to recover for the death of one Harris, a longshoreman of twenty-five years' experience.

The proof showed that Harris was at work upon the steamship "United States" helping to unload freight. He was engaged in making up "drafts" of barrels of pebbles. A "draft" consisted of three barrels. His duty was to place a sling about them and with this sling they were hoisted up to the hatchway above him. One of the barrels struck against the side of the hatch and the head was broken, permitting the pebbles to fall upon the deck where Harris was working. He called for a shovel. The company had a toolhouse on the

pier, and maintained a gangway man at the hatch whose business it was to serve the freight gang, and, when a shovel was needed by the men in the freight gang, it was the duty of the gangway man to procure it from the toolhouse and pass it to the men in the freight gang. When Harris called for the shovel the gangway man replied, "All right, you want a shovel, all right, you will get one," and at the same time called out to the dock foreman, "Get a shovel, it is needed here." While the shovel was being brought Harris heard the coal gang moving about. They were separated from the freight gang, of which Harris was a member, by several tiers of barrels extending across the ship. The coal gang's sole duty was to put coal in the ship. They had come aboard a few minutes before the accident. It was the custom for the coal gang not to start work until after the freight had been removed from the deck by the freight gang, and it was the custom not to open the coal hole until the coal gang was ready to start work. Harris, without waiting for the shovel to be furnished, went from the place where he was working to get a shovel from the coal gang, climbed hurriedly over the barricade of barrels separating the two gangs and fell into the coal hole, the cover of which had been removed by the coal gang in violation of the custom not to remove the cover until the freight had been cleared away.

At the close of the case the defendant moved for a direction of a verdict on the grounds, among others—*first,* that there was no negligence shown on the part of the defendant, and *second,* that the proximate cause of the injury from which death resulted was the negligence of a fellow-servant.

The motion was denied by the learned trial judge and error was assigned thereon.

We think a verdict for the defendant should have been directed in view of the facts which the evidence exhibited.

The only ground upon which the case was permitted to go to the jury was the alleged failure of the defendant company to use reasonable care in providing Harris a safe place to work, and the particular failure which the case was considered to have disclosed was the neglect to have a light over

the coal hole while it was open, or to warn Harris that the cover had been taken off.

A master's duty in respect to furnishing his servants a safe place in which to work extends to such parts of his premises only as he has prepared for their occupancy while doing his work, and to such other parts as he knows or ought to know they are accustomed to use while doing it. *Morrison* v. *Burgess Sulphile-Fibre Co.*, 70 N. H. 406.

It is not disputed that the defendant company had provided Harris with a safe place to perform his work as a member of the freight gang. It had provided a safe method of furnishing him with a shovel when needed, and, when he asked for it, was in the act of supplying it, of which he was informed. When Harris, with such knowledge, of his own volition and without the knowledge of the defendant, departed from the safe place provided and occupied a dangerous place for the purpose of getting a shovel which the defendant was in the act of providing, he became either a trespasser, or, at the most, a mere licensee, to whom the defendant owed no duty except to abstain from willful injury, unless his action was justified by a custom of which the defendant knew or ought to have known. *Collyer* v. *Pennsylvania Railroad Co.*, 20 *Vroom* 59; *Guggenheim Smelting Co.* v. *Flanigan*, 33 *Id.* 354; *Haber* v. *Jenkins Rubber Co.*, 43 *Id.* 171.

There was evidence that, on some occasions, the freight gang obtained shovels from the coal gang. But we think there was no evidence that it was a custom of which the defendant company knew or ought to have known. The proof, at most, shows only occasional secret infractions of the company's regulations.

If, however, Harris was lawfully in the vicinity of the coal hole in the course of his employment, he was a fellow-servant with the men whose negligence inflicted the injury upon him. They were all serving and controlled by the same master in a common employment of such kind that, in the exercise of ordinary sagacity, all engaged in it were able to foresee, when accepting it, that the negligence of a fellow-servant would

probably expose them to injury. *McAndrews* v. *Burns,* 10 *Vroom* 117.

A master who has furnished proper means for carrying on the work is not liable to a servant for the negligence of a fellow-servant, while the two are engaged in the same common employment, unless for negligence in the selection of the servant in fault, or in retaining him after notice of his incompetency. *McDonald* v. *Standard Oil Co.,* 40 *Vroom* 445; *McAndrews* v. *Burns, supra.*

In accordance with these principles Harris cannot recover from the defendant company, for it is not contended that the company was negligent in the selection of the coal gang, and it is manifest that it had no reason to suppose the coal gang would, in violation of custom, prematurely remove the cover from the coal hole and thus negligently expose a fellow-servant to injury.

For these reasons the judgment under review must be set aside and a new trial awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, BOGERT, VROOM, GREEN, GRAY, DILL, J.J.   11.